Douglass *v.* Mumford.

IDA E. DOUGLASS *v.* R. A. MUMFORD.

TAX SALES. *Report and judgment. Recitals. Collector's deed.* Since the act of 1844 it has been the settled rule that as to irregularities in tax sales occuring before judgment and order of sale, no enquiry can be made, except it be shown that the taxes had been paid before judgment of condemnation; and if the collector's deed recite the facts essential to the validity of the proceedings, such recitals are *prima facie* evidence of the existence of the facts. If the deed recite that the sale was duly advertised, this recital may be rebutted by proof, because it is a proceeding subsequent to the judgment. But if the collector recite in his deed that the report of the list of unpaid taxes was duly made, this fact cannot be rebutted, because it is a proceeding anterior to the judgment of condemnation, and on which the order of sale is based.

Cases cited: Tharp *v.* Hart, 2 Sneed, 670; Henderson *v.* Staritt, 5 Sneed, 472.

FROM TIPTON.

Appeal from the Circuit Court. THOS. J. FLIPPIN, Judge.

A. H. DOUGLASS for complainant.

STEELE and BATE for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

This is an action of ejectment, in which both parties deraign their title from Jessee D. Carr, Douglass claiming under a sheriff deed, and Mumford under a tax collector's deed. The tax collector's deed is prior in time, and if the tax sale was valid, Mumford has the better title.

Douglass offered to read the transcript, of the proceedings in the Circuit Court, for the condemnation of the land in controversy for the unpaid taxes of 1847, for the purpose of showing that the land was not duly reported for taxes, as required by law. The court rejected the evidence for that purpose, charging the jury that unless the proof shows that the taxes had been paid before judgment of condemnation, the plaintiff could not attack the judgment, and that the tax deed on its face recites every fact necessary to show, *prima facie,* that defendant got a good title under said deed, and that unless the plaintiffs have shown by proof that the recitals in the deed, to-wit: that the land was duly advertised, etc., were false, then, if the tax sale was prior in time to the sheriff's sale, the defendant would have the better title. Under this ruling and charge the jury found for defendant, who claimed under the tax deed.

It was held in the case of *Tharp* v. *Hart,* 2 Sneed, 570, that the validity of the judgment and order of sale in tax sales could not be impeached, unless it were first shown that the taxes had in fact been paid before the judgment of condemnation.

The same ruling was made in the case of *Henderson* v. *Staritt*, 4 Sneed, 472, in which the court said: "Before the act of 1844, ch. 92, all the proceedings were open to attack, without any condition or limitation, and by it, we think upon a fair construction, the law is only changed so far as to make the judgment and order of sale, and, of course, all previous proceedings conclusively correct, unless it be shown the taxes were paid anterior to such judgment, and upon that condition alone to be open to assault for any irregularities."

This construction of the statute was followed at the present term, in the case of *Sampson* v. *Marr*. It may now be assumed to be settled, that as to irregularities in tax sales occurring before judgment and order of sale, no inquiry can be made, except it be shown that the taxes had been paid before judgment of condemnation; and if the collector's deed recite the facts essential to the validity of the proceedings, such recitals are *prima facie* evidence of the existence of the facts. If the deed recite that the sale was duly advertised, this recital may be rebutted by proof, because it is a proceeding subsequent to the judgment. But if the collector recite in his deed that the report of the list of unpaid taxes was duly made, this fact cannot be rebutted, because it is a proceeding anterior to the judgment of condemnation, and on which the order of sale is based.

In the present case no offer was made to show irregularities in the proceedings, subsequent to the judgment and order of sale, but to show that upon

the face of the report itself there were such irregu·larities as rendered the judgment void.

It is manifest that there are irregularities in the report which would have rendered the judgment void, but for the act of 1844. That act was intended to cover these irregularities, and to prevent inquiry into them, except upon the proof that the taxes had been paid before judgment.

The Circuit Judge ruled that the report of the collector could not be used as evidence to attack the judgment. In this he followed the authorities already referred to, and is sustained by the case of *Sampson* v. *Marr*, decided at the present term.

There is no error in the ruling and charge of the Circuit Judge, and the judgment is therefore affirmed.